UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN ROGERS, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:12-cv-01813-TWP-DKL |
| | ) |
| WENDY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

### ENTRY ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner John Rogers ("Mr. Rogers"), an inmate presently confined at the Correctional Industrial Facility in Pendleton, Indiana, has petitioned this Court to issue a writ of habeas corpus due to errors allegedly occurring in a prison disciplinary proceeding, under case number CIC 12-10-0042.

### I. DISCUSSION

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003).

**B.     The Disciplinary Proceeding**

On October 4, 2012, Officer Johnson wrote a conduct report charging Mr. Rogers with Class A offense 100, violation of state law. The report reads:

> On September 19, 2012 Offender Rogers, John #881376 returned from Clark County from court order, while inventorying his property at intake Officer F. Hicks discovered tobacco hidden inside Offender Rogers hygiene [products].
>
> Offender Rogers admitted to putting the tobacco inside his hygiene [products] in an attempt to bring it back to the facility for personal use.
>
> Offender Rogers was issued a conduct report for code 100 Violation of state or local law, IC 35-44.1-3-5[.]

On October 6, 2012, Mr. Rogers was notified of the charge when he received the conduct report and the notice of disciplinary hearing (screening report). The screening report advised Mr. Rogers of his rights. Mr. Rogers pled not guilty and requested a lay advocate, but did not request any evidence. A Hearing Officer conducted the hearing on October 8, 2012, and found Mr. Rogers guilty. The sanctions recommended were a 60 day deprivation of earned credit time, a credit class demotion from credit class I to II, 45 days in disciplinary segregation and a written reprimand. However, upon review, the 60 day earned credit time deprivation was changed to a 34 day earned credit time deprivation because Mr. Rogers "only had 34 days available to take." These sanctions were imposed because of the nature of the offense and the likelihood the sanctions would have a corrective effect on Mr. Rogers' future behavior.

During the hearing Mr. Rogers stated:

> I came from Clark Co[.] where they sell tobacco. When I came here they found the tobacco[.] I was not trying to traffic. I was at medical I thought if they let it in I will keep it. I hide them so I would not get it taken from me at Co. I did not know I was coming back.

Mr. Rogers appealed the Hearing Officer's decision to the Facility Head on October 11, 2012, stating:

>Offenders are allowed to bring their property from other facilities I arrived with my property from Clark County. I did not violate any federal, state or local law. I was given hygiene and food items.
>
>I should have been credited with 5 days segregation before hearing. Sept[.] 18, 19, 20, 21, and 22[.]

The Facility Head denied his appeal.

>Upon Mr. Rogers' appeal, the Final Reviewing Authority issued the following decision:
>
>Your appeal on disciplinary action taken against you in the above-cited case has been received.
>
>I have reviewed all the issues brought to the Superintendent on appeal. There is no evidence of procedural or due process error. The conduct report is quite clear and does support the charge. The sanctions imposed were well within the guidelines of the Disciplinary Code for Adult Offenders, and you present no evidence on appeal which would indicate that the action of the DHO should be modified in any way.
>
>The errors you point out did not impede your defense or Right to Appeal.
>
>APPEAL DENIED.

**C.   Analysis**

In his petition for a writ of habeas corpus, Mr. Rogers argues that (1) he did not violate state law, (2) that the statute he was found in violation of is void-for-vagueness, (3) that the disciplinary officer was not impartial and that he was denied due process, and (4) that the hearing officer did not properly support his decision.

The respondent argues that because the only issue Mr. Rogers raised in his facility level appeal was that he did not violate state law – in other words that the evidence was insufficient to find him guilty – all other arguments are waived. Principles of exhaustion of available state remedies and procedural default apply to prison disciplinary proceedings as they do to convictions, even though judicial review is not available. *Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992). Thus, the prisoner must take all available appeals, including administrative

appeals, and must have raised in those appeals any issue on which the prisoner seeks federal review.  *E.g.*, *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

The Adult Disciplinary Procedures mandates the rules for the prison administrative appeals process and all arguments regarding a prison disciplinary decision must be made at the first level of appeal to the Facility Head.  The second level of appeal, which is to the Final Reviewing Authority, "may be based only upon the same concerns in the first level appeal" and "[c]oncerns that deviate from the first level appeal may not be considered."

The record shows that Mr. Rogers' facility level appeal stated:

Offenders are allowed to bring their property from other facilities I arrived with my property from Clark County.  I did not violate any federal, state or local law.  I was given hygiene and food items.

I should have been credited with 5 days segregation before hearing.  Sept[.] 18, 19, 20, 21, and 22[.]

In other words, Mr. Rogers' only argument on appeal relevant here is that he "did not violate any federal, state or local law."  All other issues have been waived and will not be discussed.  *See Eads*, 280 F.3d at 729.

The state law that Mr. Rogers was found to have violated provides:

a person who, without prior authorization of the person in charge of a penal facility . . . (1) delivers, or carries into the penal facility . . . an article to an inmate . . . of the facility . . . commits trafficking with an inmate, a Class A misdemeanor . . . .

Ind. Code § 35-44.1-3-5.  To the extent that Mr. Rogers argues that he did not violate this law, due process requires only "some evidence" to support Mr. Rogers' disciplinary sanction for violation of state law.  The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record."  *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).  This standard "does not require evidence that logically precludes any conclusion

but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. The determination should be upheld if "there is any evidence in the record that could support the conclusion reached." *Id*. Even "meager" proof will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id*. A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *McPherson,* 188 F.3d at 786.

The "some evidence" standard is satisfied here. First, the conduct report here specifically states that "Offender Rogers admitted to putting the tobacco inside his hygiene [products] in an attempt to bring it back to the facility for personal use." Next, Mr. Rogers knew he was bringing these items to the facility without authorization. If Mr. Rogers believed he was allowed to bring tobacco and cigarettes into Department of Correction facilities, he would not have hidden them in his personal products. The pictures accompanying the conduct report show that Mr. Rogers possessed a coffee creamer container, a bottle of cocoa butter lotion, and a shampoo bottle, each of which held a plastic bag of tobacco products. Mr. Rogers stated during the hearing on the conduct report: "I thought if they let it in I will keep it" and that he hid these items so they "would not get it taken." Lastly, Mr. Rogers admits knowledge of the Department of Correction policy against tobacco products when he stated "I did not know I was coming back" during the hearing. There was more than enough evidence here to show that Mr. Rogers violated state law.

## II. CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Rogers to the relief he

5

seeks.  For these reasons, Mr. Rogers' Motion for Summary Judgment (Dkt. 24) is **DENIED**. His Petition for a Writ of Habeas Corpus (Dkt. 1) must be **DENIED** and the action **DISMISSED**.  Judgment consistent with this Entry shall now issue.

    **SO ORDERED.**

Date: __07/23/2013_____

                                                                                  _____
                                                                                  Hon. Tanya Walton Pratt, Judge

DISTRIBUTION:                                              United States District Court
                                                                                Southern District of Indiana

John Rogers, DOC #881376
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, Indiana  46064-9001

Stephanie Lynn Rothenberg
OFFICE OF THE ATTORNEY GENERAL
stephanie.rothenberg@atg.in.gov

6